UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER M. K.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-cv-00476-JPH-TAB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Jennifer K. seeks judicial review of the Social Security Administration's decision denying her petition for Disability and Disability Insurance Benefits. She argues that the Administrative Law Judge erred when he: (1) did not adequately account for her bathroom break needs in the residual functional capacity ("RFC") finding and (2) did not properly address her subjective symptoms. For the reasons that follow, the decision is **REVERSED and REMANDED** for further proceedings.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

# I.
# Facts and Background

Plaintiff was 42 years old at the alleged onset date of her disability. Dkt. 7-2 at 147.[2] She applied for disability benefits on December 3, 2019, alleging that she had become disabled beginning on November 1, 2019. *Id.* at 138. Plaintiff's application was initially denied on June 19, 2020, and denied upon reconsideration on September 23, 2020.

The ALJ held a telephonic hearing on May 25, 2021. *Id.* at 138. The ALJ denied Plaintiff's claim on July 7, 2021 and the Appeals Council denied review on January 19, 2022. Dkt. 10 at 27.

In his decision, the ALJ follow the five-step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) and concluded that Plaintiff was not disabled. Dkt. 7-2 at 142. Specifically, the ALJ found that:

- At Step One, Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 1, 2019. Dkt. 7-2 at 140.

- At Step Two, Plaintiff had "the following severe impairments: late effect of colon cancer, anxiety and depression." Dkt. 7-2 at 140.

- At Step Three, Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." Dkt. 7-2 at 142.

- After Step Three but before Step Four, Plaintiff has the residual functional capacity "to perform light work as defined in 20 C.F.R. 404.1567(b) except no requirement for more than occasional walking on slippery or uneven surfaces. The claimant can occasionally climb ramps or stairs, but never climb ropes, ladders or scaffolds. The claimant can perform no work at unprotect[ed]

---

[2] Facts related to Plaintiff's medical conditions and treatment are set forth in the record and referenced in the Court's analysis where relevant.

> heights or around unprotected dangerous moving equipment. The claimant is limited to no more than occasional balancing (as defined in the SCO), stooping and crouching. The claimant can never kneel or crawl. The work should not require more than occasional interaction with the public, coworkers or supervisors and there should be no requirement for production rate pace. The work should provide access to a bathroom with an opportunity to change protective undergarments every two hours." Dkt. 7-2 at 143.

- At Step Four, Plaintiff is "unable to perform any past relevant work." Dkt. 7-2 at 146.

- At Step Five, considering Plaintiff's "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy" that she can perform including mail clerk, assembler, and photocopy machine operator. Dkt. 7-2 at 147.

On March 3, 2022, Plaintiff brought this action asking the Court to review the denial of benefits under 42 U.S.C. § 405(g).

## II.
## Applicable Law

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), evaluating in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one

3

>of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). After step three, but before step four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The ALJ uses the RFC at step four to determine whether the claimant can perform her own past relevant work and, if not, at step five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(e), (g).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the benefit denial. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard or is not supported by substantial evidence, a remand for further proceedings is typically appropriate. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).

### III.
### Analysis

The ALJ concluded that Plaintiff was not disabled because, despite her gastric symptoms related to treatment for rectal cancer, she retained the RFC to perform a reduced range of light work. Dkt. 7-2 at 143. Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ

4

did not account for the frequency and duration of required bathroom breaks in calculating her RFC. Dkt. 10 at 13, 19–22. The Commissioner responds that the ALJ provided a logical bridge between the evidence and the RFC conclusion. Dkt. 12 at 1.

The RFC represents "the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008). "The RFC assessment must . . . identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p, Fed. Reg. 34474-01, at *1 (July 2, 1996); *see Yurt v. Colvin*, 758 F. 3d 850, 857 (7th Cir. 2014) ("[T]he ALJ's RFC assessment must incorporate all of the [plaintiff's] limitations supported by the medical record."). The ALJ must therefore analyze "the individual's ability to perform sustained work in an ordinary work setting"; that is, for "8 hours a day, for 5 days a week." SSR 96-8p at *7.

The Court's "role is to determine whether the ALJ applied the right standards and produced a decision supported by substantial evidence," which is "relevant evidence that a reasonable mind could accept as adequate to support a conclusion." *Jeske v. Paul*, 955 F.3d 583, 587, 595–96 (7th Cir. 2020). "The ALJ is not required to mention every piece of evidence but must provide an "accurate and logical bridge" between the evidence and her conclusion, so that "a reviewing court . . . may assess the validity of the agency's ultimate findings." *Craft*, 539 F.3d at 673.

5

Here, the ALJ determined that Plaintiff's report of "being unable to predict when she will defecate or urinate" was "consistent" with her treatment for rectal adenocarcinoma. Dkt. 7-2 at 144. But the ALJ found that other evidence in the record showed that "this impairment would [not] be preclusive of all types of work." *Id.* Therefore, the ALJ found that Plaintiff could perform light work, so long as the work "provide[d] access to a bathroom with an opportunity to change protective undergarments every two hours." Dkt. 7-2 at 143. The ALJ did not analyze, however, whether the length of time that Plaintiff testified she needed in the bathroom to clean up after an unexpected bowel movement would require her to be off task more than an employer would permit. *See id.*

At the hearing before the ALJ, Plaintiff had the initial "burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting [her] capacity to work." *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018). She met that initial burden here. Medical records from an emergency room visit on April 24, 2021—about a month before the hearing—indicated that "since the [reversal] surgery she has been having issues with having regular bowel functions. [Sometimes] will go 4-5 days between bowel movements and other times it is very liquid in consistency." Dkt. 7-14 at 623.

Plaintiff also testified that that her symptoms had gotten much worse since the ileostomy reversal in late 2020. Dkt. 7-2 at 163. At the time of the hearing, her bowel movements were highly unpredictable; sometimes she goes

6

days without using the bathroom, other times she essentially never leaves the bathroom. *Id.* at 164. Plaintiff referenced at several points in the hearing that when she experienced unexpected bowel movements it took her thirty minutes to clean up. *Id.* at 160. She testified: "I have to take supplies everywhere I go, because if I do have an accident, which will happen, I have to make sure there's a private place and a time where I can get at least half an hour to make sure I get everything cleaned up and taken care of." *Id.* at 160. She also testified that she couldn't return to her prior job as an insurance coordinator at a dental office because "if I have to get up and leave my desk for 30 minutes at a time, that's not acceptable in an office . . . if one person is absent for a 30-minute period [] that puts the entire day behind." *Id.* at 175-76, 180-81.

    The Vocational Expert then testified that a thirty-minute break every two hours would be "excessive," since the hypothetical employer only tolerates nine minutes for "time off task" each hour. Dkt. 7-2 at 180–81. The VE concluded that someone who needed that kind of break would be "off task more than would be acceptable," so there would not be jobs available to them. *Id.* at 181.

    That evidence is enough to require the ALJ to consider the amount of time that Plaintiff would be off task when she experienced an unexpected bowel movement at work. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) ("Essentially, an ALJ's RFC analysis must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations."). But he failed to do so, despite recognizing that Plaintiff had gastric symptoms that were "consistent" with her medical diagnosis, including "being unable to predict

7

when she will defecate or urinate." *See Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) (holding that case must be remanded to the ALJ because "there was no restriction related to stress in the RFC" despite evidence that Plaintiff "often appeared tense, anxious, and/or restless").

And evidence regarding the length of Plaintiff's bathroom breaks is highly relevant because, according to the VE's testimony, it could render Plaintiff unemployable. *See Sikorski v. Berryhill*, 690 Fed. App'x 429, 433 (7th Cir. Aug. 10, 2017) (remanding case to Commissioner because "[t]he ALJ did not resolve whether Sikorski's bathroom visits required five minutes, a duration that the VE said employers generally accommodate, or ten minutes, which the VE testified would render her unemployable."); *Durr-Irving v. Colvin*, 600 Fed. App'x 998, 1003 (7th Cir. 2015) (stating that evidence of frequent bathroom use is "highly relevant because the vocational expert testified that a person who must use the restroom more than once an hour would be unable to perform the few jobs that meet the ALJ's assessment" of the claimant's RFC).

The Commissioner argues that the ALJ did not need to account for longer bathroom breaks in the RFC because there is no medical evidence suggesting she needed that amount of time in the bathroom. Dkt. 12 at 9–10. But the Court cannot speculate about the basis for the ALJ's conclusion. *See Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014). The ALJ found that Plaintiff had a severe impairment resulting from the rectal cancer, and that her unpredictable bowel movements were consistent with that diagnosis. But he failed to address her testimony and the VE's opinion regarding the practical effect of her

8

condition—the need for thirty-minute bathroom breaks at unpredictable intervals. By not acknowledging or discussing Plaintiff's or the VE's testimony on this issue, the ALJ's decision leaves unclear "whether he considered and dismissed, or completely failed to consider, . . . pertinent evidence." *Plessinger*, 900 F.3d at 917; *Crump v. Saul*, 932 F.3d 567, 571 (7th Cir. 2019) (faulting the ALJ for "disregard[ing] the highly relevant opinion of the VE" about how much time the plaintiff could be off task").

The Commissioner also argues that the ALJ must be affirmed because the two state-agency doctors found she could perform medium work with no other restrictions, whereas the ALJ found her restricted her to light work. Dkt. 12 at 10. Those doctors, however reviewed Plaintiff's records before her ileostomy reversal, after which Plaintiff reported that her gastric symptoms became much worse. *See* dkt. 13 at 1; *see also* dkt. 7-14 at 623. Therefore, the Court cannot affirm on that basis.

In sum, Plaintiff presented evidence requiring the ALJ to address whether she can work even if she needs thirty minutes in the bathroom after an unexpected bowel movement. *See Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). His failure to do so requires remand for him to address the issue in the first instance. *See Winsted*, 923 F.3d at 477

## IV.
## Conclusion

The Court **REVERSES AND REMANDS** the ALJ's decision denying the Plaintiff benefits.[3] Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 3/30/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.

---

[3] Because Plaintiff's bathroom break argument requires remand, the Court does not address her challenge to the ALJ's consideration of her limited daily activities and medication side effects.